UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HILERY NOEL MAISON,

    Petitioner,                                   Case No. 2:19-CV-10057

v.                                UNITED STATES DISTRICT COURT JUDGE
                                         GERSHWIN A. DRAIN

SHAWN BREWER,

    Respondent,
_____/

**<u>OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS*</u>**

Hilery Noel Maison, ("Petitioner"), confined at the Huron Valley Women's Correctional Facility in Ypsilanti, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging her convictions for first-degree felony murder, Mich. Comp. Laws § 750.316(1)(b), two counts of torture, Mich. Comp. Laws § 750.85, and two counts of first-degree child abuse, Mich. Comp. Laws § 750.136b(2). For the reasons that follow, the Petition for Writ of Habeas Corpus is SUMMARILY DISMISSED WITHOUT PREJUDICE.

## I. Background

Petitioner and her husband were convicted following a jury trial in the St. Clair County Circuit Court. Petitioner's conviction was affirmed on appeal. *People*

*v. Maison*, No. 332162, 2017 WL 5162310 (Mich.Ct.App. Nov. 7, 2017); *leave den.* 501 Mich. 1062, 910 N.W. 2d 275 (2018).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. There was insufficient evidence to convict Hilery Maison of the charges to felony murder as to [Mac. M.] and torture and first degree child abuse as to both Mac. M and Mak. M. [i]n violation of her state and federal constitutional right to due process. [1]

II. Mrs. Maison's Federal and State constitutional rights to the effective assistance of counsel were violated and she is entitled to a new trial where her trial counsel failed to request instructions on causation and/or where she failed to request instructions on the necessarily included lesser offense of involuntary manslaughter.

Respondent moved to dismiss the petition on the ground that Petitioner's second claim was not exhausted with the state courts.

## II. Discussion

The instant Petition is subject to dismissal because Petitioner's second claim has yet to be exhausted with the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which requires the dismissal of a habeas petition

---

[1] Because the victims were minors, the Court refers to them by their initials.

2

that contains claims that a petitioner has a right to raise in the state courts but has failed to do so. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith*, 581 F. 3d 410, 415 (6th Cir. 2009). Each habeas claim must be reviewed by a federal court for exhaustion before any claim may be adjudicated on the merits by a federal court. *Id.* Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *See Pliler v. Ford*, 542 U.S. 225, 230 (2004)(*citing Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982)); *see also Welch*, 49 F. Supp. 2d at 998. A habeas petitioner has the burden of proving that he or she has exhausted his or her state court remedies. *See Rust v. Zent*, 17 F. 3d 155, 160 (6th Cir. 1994).

Petitioner's claim that counsel was ineffective for failing to request jury instructions on causation and involuntary manslaughter was never presented to the Michigan Court of Appeals or Michigan Supreme Court in her appellate briefs. (*See* Doc. 8-16, Pg. ID 1291-1346, Doc. 8-17, Pg. ID 1500-35). Although her co-defendant husband raised this claim in his own appeal brief, this would be insufficient to exhaust the claim for petitioner. Petitioner's second claim is unexhausted because she did not personally raise this claim in her own appeal. There is no case authority that the co-defendant's appeal of this issue "should be ascribed"

3

to Petitioner in order to satisfy the exhaustion requirement. *See Aldrich v. Bock*, 327 F. Supp. 2d 743, 748, n. 1 (E.D. Mich. 2004). The issues raised by Petitioner involve constitutional privileges which are personal to her, therefore, an appeal by her co-defendant would be insufficient to exhaust this claim. *See Williams v. Nelson*, 431 F.2d 932, 933 (9th Cir. 1970)(Where questions raised by state prisoner, petitioning for habeas corpus, involved constitutional privileges which were personal to him, appeal by his co-defendant could not exhaust his remedies in the state courts).

In addition, the mere fact that Petitioner raised other ineffective assistance of counsel claims on her appeal of right would be insufficient to exhaust her current ineffective assistance of counsel claim. A claim may be considered "fairly presented" only if the petitioner asserted both the factual and legal basis for his or her claim in the state courts. *McMeans v. Brigano*, 228 F. 3d 674, 681 (6th Cir. 2000). The doctrine of exhaustion mandates that the same claim under the same theory be presented to the state courts before it can be raised in a federal habeas petition. *Wong v. Money*, 142 F. 3d 313, 322 (6th Cir. 1998). "Even the same claim, if raised on different grounds, is not exhausted for the purpose of federal habeas review." *Rayner v. Mills*, 685 F.3d 631, 643 (6th Cir. 2012).

A habeas petitioner is required to present to the state courts "the same specific claims of ineffective assistance [of counsel] made out in the habeas petition." *Wyldes v. Hundley*, 69 F. 3d 247, 253 (8th Cir. 1995)(*quoting Tippitt v. Lockhart*, 903 F. 2d

4

552, 554 (8th Cir. 1990). Because Petitioner's current ineffective assistance of counsel claim is different than the ineffective assistance of counsel claims presented during petitioner's direct appeals process, this claim has not been fairly presented to the state courts. *See Caver v. Straub*, 349 F. 3d 340, 346-47 (6th Cir. 2003)(*citing to Pillette v. Foltz*, 824 F. 2d 494, 497 (6th Cir. 1987)); *see also Brandon v. Stone*, 226 F. App'x. 458, 459 (6th Cir. 2007)(state prisoner had not exhausted his state court remedies as to claim that trial counsel was ineffective for failing to advise him regarding the merits of the various plea offers set before him, where this particular instance of ineffectiveness had not been mentioned in his state court proceedings).

The exhaustion doctrine, in the context of habeas cases, is dependent upon whether there are available state court procedures for a habeas petitioner to exhaust his or her claims. *See Adams v. Holland*, 330 F. 3d 398, 401 (6th Cir. 2003). Petitioner has an available state court remedy with which to exhaust her second claim. Exhausting state court remedies in this case requires the filing of a post-conviction motion for relief from judgment under Michigan Court Rule 6.500, *et. seq. See Wagner*, 581 F. 3d at 419. Petitioner could exhaust this and any other claims by filing a post-conviction motion for relief from judgment with the St. Clair County Circuit Court under M.C.R. 6.502. Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R.

7.302. *See Nasr v. Stegall*, 978 F. Supp. 714, 717 (E.D. Mich. 1997). Petitioner, in fact, would be required to appeal the denial of her post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust the claims that she would raise in her post-conviction motion. *See e.g. Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

Petitioner has failed to exhaust her state court remedies and still has an available state court remedy with which to do so. Although a district court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims to allow the petitioner to present his or her unexhausted claims to the state court in the first instance, *see Rhines v. Weber*, 544 U.S.269 (2005), there are no exceptional or unusual circumstances present which would justify holding the instant Petition for Writ of Habeas Corpus in abeyance pending Petitioner's return to the state courts, rather than dismissing it without prejudice. In this case, the Michigan Supreme Court denied petitioner's application for leave to appeal on May 1, 2018. However, the one year statute of limitations under 28 U.S.C. § 2244(d)(1) did not begin to run on that day. Where a state prisoner has sought direct review of his or her conviction in the state's highest court but does not file a petition for certiorari with the U.S. Supreme Court, the one year limitation period for seeking habeas review under 28 U.S.C. § 2244(d)(1) begins to run not on the date that the state court entered judgment against the prisoner, but on the date that the 90 day time

period for seeking certiorari with the U.S. Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Petitioner did not seek a writ of certiorari with the United States Supreme Court, thus, her judgment became final, for the purpose of commencing the running of the one year limitations period, on July 30, 2018. *See Grayson v. Grayson*, 185 F. Supp. 2d 747, 750 (E.D. Mich. 2002).

Petitioner filed the instant petition with the Court on January 2, 2019, after only five months had run on the statute of limitations.[2] This Court is dismissing the Petition without delay. 28 U.S.C. § 2244(d)(2) expressly provides that the AEDPA's one year statute of limitations is tolled during the pendency of any state post-conviction motion filed by petitioner. Petitioner currently has time remaining under the limitations period following the conclusion of her state post-conviction proceedings, and the unexpired portion of that period would be tolled during the pendency of petitioner's state post-conviction proceedings. Petitioner would thus not be prejudiced if her habeas petition was dismissed without prejudice during the pendency of her motion for post-conviction relief. A stay of the proceedings is unnecessary to preserve the federal forum for petitioner's claims. *See Schroeder v. Renico*, 156 F. Supp. 2d 838, 845-46 (E.D. Mich. 2001).

---

[2] Under the prison mailbox rule, this Court will assume that Petitioner actually filed her habeas petition on January 2, 2019, the date that it was signed and dated. *See Towns v. U.S.*, 190 F. 3d 468, 469 (6th Cir. 1999).

In addition, there is an equitable remedy available to Petitioner to preserve a federal forum for review of her claims. In *Hargrove v. Brigano*, 300 F.3d 717, 719-721 (6th Cir. 2002), the petitioner sought habeas relief on the grounds of constitutionally insufficient evidence. *Id.* at 718. Since the *pro se* petitioner had never filed an appeal, the district court dismissed the petition without prejudice, in order for the petitioner to exhaust his state remedies. *Id*. The district court, acting prospectively, ordered the tolling of the AEDPA limitations period, effective the date the petition was filed, conditioned on the petitioner's pursuing his state remedies within 30 days of the dismissal and returning to federal court within 30 days after exhaustion. *Id.* The warden challenged this order, but the Sixth Circuit Court of Appeals found that "the decision to equitably toll the petition was reasonable under the circumstances of this case and under the conditions set forth by the district court." *Id.* at 719.

Petitioner promptly filed her petition for writ of habeas corpus with this Court. This Court cannot conclude that Petitioner's claims are plainly meritless. This Court will adopt the equitable tolling timing solution, as well as the safeguards, approved by the Sixth Circuit in *Hargrove.* The Court will dismiss the Petition without prejudice and the one-year limitations period shall be tolled from January 2, 2019, the date Petitioner filed her Petition, until Petitioner returns to federal court and files a new habeas petition. This tolling of the limitations period is contingent upon

Petitioner complying with the conditions indicated below in Section IV of the opinion.

### III. Certificate of Appealability

The Petition for Writ of Habeas Corpus is dismissed without prejudice. The Court will also deny a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

*Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court declines to issue a certificate of appealability, because "jurists of reason" would not find it debatable whether this Court was correct in its procedural ruling that Petitioner had failed to exhaust her second claim with the state courts. *See e.g. Colbert v. Tambi*, 513 F. Supp. 2d 927, 939 (S.D. Ohio 2007). The Court will also deny Petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *Myers v. Straub*, 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).

### IV. Conclusion

Accordingly, the court DISMISSES WITHOUT PREJUDICE the Petition for Writ of Habeas Corpus [Dkt. No. #1].

**IT IS FURTHER ORDERED** that the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1) is tolled from January 2, 2019, the date that Petitioner filed this habeas application, until the time Petitioner returns to federal court to pursue habeas corpus relief, provided that Petitioner returns to the federal court and files a new habeas petition under a new case number **within thirty (30) days** of the completion of her state post-conviction proceedings.

IT IS FURTHER ORDERED that the court DECLINES TO ISSUE a certificate of appealability or leave to proceed *in forma pauperis* on appeal.

SO ORDERED.

Dated: June 11, 2019

                                      s/Gershwin A. Drain
                                      HON. GERSHWIN A. DRAIN
                                      United States District Court Judge

CERTIFICATE OF SERVICE
Copies of this Order were served upon attorneys of record on
June 11, 2019, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager